# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TANESHA GUNN, on behalf of herself and all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) COMPLAINT ) ) RULE 23 CLASS ACTION ) |
| v. | ) JURY TRIAL DEMANDED ) |
| JPMORGAN CHASE & CO., and JPMORGAN CHASE BANK, N.A. | ) ) ) ) |
| Defendants. | ) ) ) ) |

Plaintiff, on behalf of herself and all others similarly situated, by her undersigned attorneys, alleges, upon personal knowledge as to herself and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff was employed as a full-time employee of Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. in the position of Personal Banker, a non-exempt, hourly position subject to the overtime provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a(1).

2. Defendants have willfully engaged in a pattern, practice, and policy of unlawful conduct by failing to record, credit, or compensate their Personal Bankers for work which Defendants have effectively required and/or permitted such employees to work in excess of 40 hours per week.

3. Defendants' pattern, practice, and policy of requiring or permitting overtime work without compensation has violated its employees' rights under the Illinois Minimum Wage Law.

4. Plaintiff brings this action on behalf of herself and similarly situated current and former employees of Defendants who work(ed) at any Illinois location pursuant to Fed. R. Civ. P. 23 to remedy violations of the Illinois Minimum Wage Law.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction under 28 U.S.C. § 1332(d) because:

   a. Upon information and belief, the amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs;

   b. Upon information and belief, at least one member of the proposed class is a citizen of a state different from that of Defendants; and

   c. Plaintiff's claims involve matters of national or interstate interest.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants do substantial business in this District and because a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this District.

**THE PARTIES**

7. Defendant JPMorgan Chase & Co. is a Delaware Corporation with its principal place of business in New York. JPMorgan Chase & Co. is a financial services company that operates thousands of bank branches in the United States. JPMorgan Chase & Co. issues paychecks for Plaintiff and putative Class members.

8. Defendant JPMorgan Chase Bank, N.A. is a national bank with its headquarters in Ohio. Defendant JPMorgan Chase Bank, N.A. is a financial services company that operates thousands of bank branches in the United States.

9. Defendants are hereinafter collectively referred to as Chase or Defendants.

10. Plaintiff Tanesha Gunn is an Illinois resident. Plaintiff Gunn was employed by Chase as a Personal Banker at three different Chase locations in Chicago, Illinois, from in or around April 2007 until June, 2011.

## RULE 23 CLASS ALLEGATIONS

11. Plaintiff brings the First Claim for Relief pursuant to Fed. R. Civ. P. 23, on behalf of all Chase employees who were employed as Personal Bankers at any Illinois location on or after the date that is three years before the filing of the original Complaint in this case as defined herein (the "Class Period").

12. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed .R. Civ. P. 23.

13. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are significantly more than forty (40) members in the Class.

14. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate policies and practices of Defendants, as alleged herein, of willfully failing and refusing to properly pay them for all hours worked and at least one-and-one-half times their regular rates

3

of pay for work in excess of forty (40) hours per workweek. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

15. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in employment and wage and hour litigation and class action litigation and have many times previously represented plaintiffs in wage and hour class cases.

16. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of

inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

17. Upon information and belief, Defendants and other employers throughout the state of Illinois violate the Illinois Minimum Wage Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

18. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Class members are exempt from the overtime provisions of the Illinois Minimum Wage Law;

    b. Whether Defendants failed to pay Class members at least one-and-one-half times their regular rates of pay for work in excess of forty (40) hours per workweek;

    c. Whether Class members are entitled to damages, and if so, the means of measuring such damages; and

    d. Whether Defendants are liable for punitive damages.

## FACTUAL ALLEGATIONS

19. Personal Bankers are the primary sales-force selling Chase's financial products and services to the general public in Chase branches.

20. Throughout the period of time covered by this lawsuit, Defendants have used the same job description, operating policies and human resources policies and practices for its Personal Bankers in all Chase branches throughout Illinois.

21. Throughout the period of time covered by this lawsuit, Defendants have compensated its Illinois Personal Bankers pursuant to uniform policies, procedures, practices and standards.

22. Throughout the period of time covered by this lawsuit, Defendants have used the same practices, procedures, computer software and forms to set the work schedules for all of its Personal Bankers throughout Illinois.

23. Chase branch/operations managers have been required to draft and post weekly work schedules for non-exempt employees such as Personal Bankers. These schedules set forth Personal Bankers' scheduled workdays and work hours. Managers do not typically schedule Personal Bankers to work more than 40 hours per week.

24. However, Plaintiff and, upon information and belief, Class members, routinely worked in excess of 45 hours per week. Plaintiff and other Personal Bankers were often required to work through their lunch-breaks and to remain at work after their scheduled shifts ended.

25. Defendants strictly monitored any significant payment of overtime by its branches. Defendants counseled branch managers not to pay significant overtime and reprimanded them for doing so. Upon information and belief, Defendants treated significant payment of overtime by a Chase branch as an act of poor performance by the branch manager

which was reflected negatively in the offending branch manager's performance evaluations and compensation.

26. Chase required branch managers to sign off on employees' time sheets, and the branch managers uniformly refused to sign off on any time sheets that included overtime. In fact, Plaintiff's branch managers instructed them and all other Personal Bankers to exclude all overtime worked when submitting their time sheets at the end of each week.

27. As a result of the above uniform practices and policies, Personal Bankers were seldom, if ever, paid for overtime, even though they routinely worked overtime.

28. Upon information and belief, Defendants knew or recklessly disregarded the fact that it was illegal not to pay Plaintiff and the Class members for all hours worked, including overtime.

29. Defendants willfully committed the foregoing acts against Plaintiff and the Class.

### FIRST CAUSE OF ACTION
**(Overtime Violations, § 820 ILCS 105/4a(1)**
**Brought by Plaintiff on Behalf of Herself and the Class)**

30. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

31. At all relevant times, Defendants operated under a policy and practice of refusing to pay overtime compensation to Plaintiff and the Class members for the hours they worked in excess of 40 hours per week and demanding, encouraging, allowing, suffering and/or knowingly permitting Plaintiff and the Class members to work off-the-clock.

32. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the Class members at the required overtime rate of one-and-one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek.

33. Plaintiff, on behalf of herself and the Class members, seek damages in the amount of their respective unpaid compensation, punitive damages as provided for by the Illinois Minimum Wage Law, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE,** Plaintiffs pray for:

A. Designation of this action as a class action pursuant to Fed. R. Civ. P. 23;

B. Designation of Plaintiff's Counsel as Class Counsel;

C. Designation of Plaintiff as Class Representative;

D. An award of damages, according to proof, including punitive damages, to be paid by Defendants;

E. Penalties available under applicable laws;

F. Costs of action incurred herein, including expert fees;

G. Attorneys' fees;

H. Pre-judgment and post-judgment interest, as provided by law; and

I. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial.

Dated: Chicago, Illinois
      February 2, 2012

                                        Respectfully submitted,
                                        **THE IAVARONE LAW FIRM, P.C.**

                                        _____/s/Nicholas P. Iavarone_____
                                        One of Plaintiffs' Attorneys

Nicholas P. Iavarone
33 North LaSalle Street, Suite 1400
Chicago, Illinois 60602
Telephone: 312-637-9466
Facsimile: 800-417-0580
Email:  niavarone@iavaronefirm.com

**HARRISON, HARRISON & ASSOCIATES, LTD.**
David Harrison*
110 State Highway 35, 2nd Floor,
Red Bank, NJ 07701
Telephone: 888-239-4410
Facsimile: 718-799-9171
Email: nycotlaw@gmail.com

**JOSEPH, HERZFELD, HESTER & KIRSCHENBAUM LLP**
D. Maimon Kirschenbaum*
Denise Schulman*
233 Broadway, 5th Floor
New York, New York 10279
Telephone: 212-688-5640
Facsimile: 212-688-2548
Email: maimon@jhllp.com

* Seeking admission *pro hac vice*

*Attorneys for Plaintiff and the
 proposed Class*