**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TANESHA GUNN, on behalf of herself and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE & CO., and JPMORGAN CHASE BANK, N.A.,<br><br>        Defendants. | No. 1:12-cv-00743<br><br>Judge Ruben Castillo |

**DEFENDANTS' MOTION TO TRANSFER VENUE
TO THE CENTRAL DISTRICT OF CALIFORNIA AND TO
<u>STAY PROCEEDINGS PENDING RESOLUTION OF THIS MOTION</u>**

**I.  INTRODUCTION**

On February 2, 2012, Plaintiff Tanesha Gunn ("Plaintiff" or "Ms. Gunn") filed this action for overtime against Defendants JPMorgan Chase & Co. ("JPMC") and JPMorgan Chase Bank, N.A. ("Chase") (collectively, "Defendants") under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IMWL").[1]  Plaintiff seeks to proceed as a class action on behalf of all current and former Personal Bankers who have been employed by Defendants in Illinois on or after February 2, 2009.

This case, however, is subsumed by an earlier-filed consolidated action seeking overtime claims on behalf of all Chase Personal Bankers nationwide under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and certain state laws, currently proceeding in the U.S.

---

[1]  Defendants reserve all defenses in this action, including that JPMorgan Chase & Co. is not a proper defendant in this case because it did not employ Plaintiff or any members of the putative class, and that Plaintiff and/or members of the putative class are parties to arbitration agreements that preclude their claims or participation in this lawsuit.

District Court for the Central District of California ("Central District of California"). *See Hightower & Ross v. JPMorgan Chase Bank, N.A.* (No. 11-CV-1802-PSG-PLAx, C.D. Cal.) ("*Hightower*"). The *Hightower* consolidated action consists of six wage and hour class and/or collective actions seeking overtime and/or other claims on behalf of non-exempt employees in Chase branches, including Personal Bankers, who have been employed in the United States on or after February 17, 2008.

Because of the overlapping parties, putative classes, and allegations involving claims for overtime by Chase Personal Bankers, Defendants respectfully request that this Court follow the course of other courts and transfer this case to the Central District of California under the "first-to-file" rule. The first-to-file rule allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court. Transfer is warranted here because the allegations and putative class in the *Hightower* Amended Consolidated Class Action Complaint ("*Hightower* Consolidated Complaint") substantially overlap and subsume the allegations and putative class in this case. Because proceeding with this later-filed action would waste judicial resources, result in potentially conflicting rulings, and be grossly inefficient, a transfer pursuant to the first-to-file rule to the Central District of California for consolidation with *Hightower* is appropriate. Defendants also request that this Court stay further proceedings in this case until the instant Motion is decided.[2]

## II.    STATEMENT OF THE CASE

### A.    The *Hightower* Action And Related Wage And Hour Cases.

On March 2, 2011, plaintiffs Evan Hightower and Ann Ross filed a complaint against JPMorgan Chase Bank, N.A. in the Central District of California. A copy of the Class Action

---

[2]    In bringing this Motion, and in light of the number of competing actions already transferred to and consolidated with *Hightower*, Defendants do not waive their right to apply for centralized proceedings before the Judicial Panel on Multidistrict Litigation. *See* 28 U.S.C. § 1407.

Complaint ("*Hightower* Compl.") (*Hightower* Dkt. No. 1) is attached hereto as Exhibit 1. Plaintiff Hightower alleged that he was a "Banker" at Chase, and plaintiff Ross alleged that she was a Chase Teller. (*Hightower* Compl. ¶¶ 14-15.) The *Hightower* plaintiffs asserted a claim for overtime under the FLSA, and sought to proceed as a nationwide collective action on behalf of all non-exempt employees in Chase's bank branches, including specifically all Personal Bankers. (*Hightower* Compl. ¶ 32.) Plaintiffs also asserted California state law claims seeking overtime and other amounts on behalf of a class that included Personal Bankers in Chase's California bank branches. (*Hightower* Compl. ¶¶ 56-85.)

In addition, seven other putative class and collective actions seeking overtime and other claims on behalf of Personal Bankers and/or other non-exempt employees in Chase's branches have been filed, removed, and/or transferred, as related to *Hightower*.[3] *See Simpson v. JPMorgan Chase Bank* (No. 11-CV-6061-PSG-PLAx, C.D. Cal.);[4] *Salazar v. JPMorgan Chase Bank, N.A.* (No. 11-CV-4294-PSG-PLAx, C.D. Cal.);[5] *Henderson v. JPMorgan Chase Bank*

---

[3] Defendants respectfully request that the Court take judicial notice of these records from another federal court. *Schmude v. Sheahan*, 312 F. Supp. 2d 1047, 1064 (N.D. Ill. 2004) (citations omitted) ("[C]ourts routinely take judicial notice of documents filed in other courts . . . not for the truth of the matter asserted in the other litigation, but rather to establish the fact of such litigation and related filings.").

[4] On March 10, 2011, plaintiffs Regina Simpson and Regina Sturdivant filed their complaint in the Superior Court for the State of California for the County of San Diego (Case No. 37-2011-00087418-CU-BT-CTL) ("*Simpson*"). On May 5, 2011, defendants removed the action to the Southern District of California (No. 11-CV-0985-BEN-CAB). (*See Simpson* Dkt. No. 10.) On July 13, 2011, the parties filed a Joint Motion and Stipulation to Transfer Case to the Central District of California, which the district court judge granted on July 19, 2011. (*See Simpson* Dkt. Nos. 10 and 11.) The case was related to *Hightower* and, thus, assigned to Judge Gutierrez. (*See Simpson* Dkt. No. 14.)

[5] In *Salazar v. JPMorgan Chase & Co.* (Case No. 3:11-CV-00337) ("*Salazar*"), a case that was filed in the U.S. District Court for the Southern District of California ("Southern District of California"), Chase filed a motion to transfer *Salazar* pursuant to 28 U.S.C. § 1404 or, in the alternative, to dismiss pursuant to Rule 12(b)(6) because it alleged claims overlapping with *Hightower*'s claims. (*See Salazar* Dkt. No. 7.) On May 18, 2011, an order granting the transfer was entered and the case was subsequently reassigned as a related matter to Judge Phillip S. Gutierrez, the presiding district judge in *Hightower*. (*See Salazar* Dkt. Nos. 11, 16, 17.)

(No. 11-CV-3428-PSG-PLAx, C.D. Cal.);[6] *Buelna v. JP Morgan Chase & Co.* (No. 11-CV-4450-PSG-PLAx); *Al-Chaikh v. JPMorgan Chase Bank* (No. 11-CV-5646-PSG-PLAx, C.D. Cal.);[7] *Yanez v. J.P. Morgan Chase Bank, N.A.* (11-CV-08217-PSG-PLAx); *Slikker v. JPMorgan Chase Bank* N.A. (No. 11-CV-09727-PSG-PLAx).[8]

Notably, on July 20, 2011, plaintiffs Dennis Khutoretsky, Mikhail Lirman, and Boris Shulman – all former Personal Bankers – filed an action entitled *Khutoretsky v. J.P. Morgan Chase & Co.* (No. 11-CV-4986(DAB)), in the U.S. District Court for the Southern District of New York. Plaintiffs asserted a claim for overtime seeking to proceed as a collective action under the FLSA on behalf of Personal Bankers, and also asserted a claim for overtime under the New York Labor Law, Article 19, §§ 650 *et seq.*, on behalf of Personal Bankers employed in New York (*Khutoretsky* Compl. ¶¶ 15, 40-43, 45-47.) On September 1, 2011, defendant filed a Motion to Dismiss, or, Alternatively, to Transfer or Stay under the first-filed rule. (*See Khutoretsky* Dkt. Nos. 10 and 11.) On September 23, 2011, Judge Batts granted defendant's motion and transferred the case to Judge Gutierrez in the Central District of California even though plaintiffs alleged a New York state law class action for overtime, and even though plaintiffs limited their FLSA collective action to New York. A copy of the court's Order on

---

[6] On March 17, 2011, plaintiffs Kemah Henderson and Taquonna Lampkins filed an action in the Superior Court for the State of California for the County of Los Angeles ("Los Angeles Superior Court") (Case No. BC457570) ("*Henderson*"). On April 21, 2011, Chase removed the case to federal court and, on June 10, 2011, it was reassigned to Judge Gutierrez as related to *Hightower*. (*See Henderson* Dkt. Nos. 1 and 15.)

[7] On May 24, 2011, plaintiff Roger Al-Chaikh filed an action in the Los Angeles Superior Court (Case No. BC462142) ("*Al-Chaikh*"). On July 8, 2011, Chase removed the case to the Central District of California and, on July 22, 2011, the case was reassigned to Judge Gutierrez as related to *Hightower*. (*See Al-Chaikh* Dkt. Nos. 1 and 9.)

[8] On November 22, 2011, Plaintiff Estella Slikker, a former Personal Banker, filed a class and collective action complaint in the Central District of California (No. 11-CV-09727-PSG-JCx) ("*Slikker*"). On November 22, 2011, plaintiff filed a notice of related cases and, on November 22, 2011, the case was assigned to Judge Gutierrez. (*See Slikker* Dkt. Nos. 3 and 4.)

- 4 -

Defendants' Motion to Dismiss, or, Alternatively, to Transfer or Stay (*Khutoretsky* Dkt. No. 20, slip op.) is attached hereto as Exhibit 2.

On January 12, 2012, Plaintiff Gunn filed a Notice of Filing of Plaintiffs' Consents to Sue Under Federal Labor Standards Act in the *Hightower* consolidated action in the Central District of California, thereby making her a party plaintiff before that Court and asserting her overtime claim under the FLSA. (*Hightower* Dkt. No. 51.) Plaintiff Gunn was represented in *Hightower* by the same counsel that filed this case on her behalf.

### B. Consolidation Of Related Wage And Hour Cases.

On February 3, 2012, Judge Gutierrez granted plaintiffs leave to file a consolidated class action complaint. On February 6, 2012, plaintiffs filed the *Hightower* Consolidated Complaint on behalf of six of the previously-filed cases: *Hightower*, *Salazar*, *Simpson*, *Al-Chaikh*, *Slikker*, and *Khutoretsky*.[9] A copy of the Amended Consolidated Class Action Complaint (*Hightower* Dkt. No. 48) is attached hereto as Exhibit 3. In the *Hightower* Consolidated Complaint, plaintiffs assert a claim for overtime under the FLSA, and seek to proceed as a nationwide collective action on behalf of all non-exempt retail branch employees in Chase's bank branches, including Personal Bankers. (*Hightower* Consolidated Compl. ¶¶ 5, 87-102.) Plaintiffs also assert California and New York state law claims for overtime and other amounts on behalf of Personal Bankers and other Chase bank branch employees. (*Hightower* Consolidated Compl. ¶¶ 6, 7, 103-64.)

---

[9] By agreement, *Al-Chaikh v. JPMorgan Chase Bank* (No. 11-CV-5646-PSG-PLAx, C.D. Cal.), and *Salazar v. JPMorgan Chase Bank, N.A.* (No. 11-CV-4294-PSG-PLAx, C.D. Cal.), were consolidated prior to consolidation with the rest of the matters.

### C. On February 2, 2012, Plaintiff Gunn Filed This Substantially Similar Case Against Defendants JPMC And Chase.

On February 2, 2012, nearly one year after *Hightower* was filed in the Central District of California, Plaintiff Gunn filed the instant action, asserting an overtime claim under Illinois law, and making allegations that overlap with those in *Hightower*. Indeed, many of the allegations in Plaintiff's complaint in this case are copied word-for-word from *Hightower*:

- Chase branch/managers were "required to draft and post weekly work schedules for non-exempt employees such as Personal Bankers. These schedules set forth Personal Bankers' scheduled workdays and work hours. Managers do not typically schedule Personal Bankers to work more than 40 hours per week." (*Gunn* Compl. ¶ 23; *Hightower* Consolidated Compl. ¶ 47.)

- Class members "routinely worked in excess of" 45 hours per week and "were often required to work through their lunch-breaks and to remain at work after their scheduled shifts ended." (*Gunn* Compl. ¶ 24; *Hightower* Consolidated Compl. ¶ 48.)

- Defendants "strictly monitored any significant payment of overtime by its branches. . . . [and] counseled branch managers not to pay significant overtime and reprimanded them for doing so. Upon information and belief, Defendants [or Chase] treated significant payment of overtime by a Chase branch as an act of poor performance by the branch manager which was reflected negatively in the offending branch manager's performance evaluations and compensation." (*Gunn* Compl. ¶ 25; *Hightower* Consolidated Compl. ¶ 49.)

- "Chase required branch managers to sign off on employees' [or Personal Bankers'] time sheets, and the branch managers uniformly refused to sign off on any time sheets that included overtime. In fact, [plaintiffs'] branch managers instructed them and all other Personal Bankers to exclude overtime worked when submitting their time sheets at the end of each week." (*Gunn* Compl. ¶ 26; *Hightower* Consolidated Compl. ¶ 50.)

- As a result of these "uniform practices and policies," Personal Bankers "were seldom, if ever, paid for overtime, even though they routinely worked overtime." (*Gunn* Compl. ¶ 27; *Hightower* Consolidated Compl. ¶ 51.)

- "At all relevant times, Defendants [or Chase] operated under a policy and practice of refusing to pay overtime compensation to . . .[plaintiffs and class members] for the hours they worked in excess of 40 hours per week and demanding, encouraging, allowing, suffering and/or knowingly permitting" plaintiffs and class

- members "to work off-the-clock." (*Gunn* Compl. ¶ 31; *Hightower* Consolidated Compl. ¶ 162.)

- "At all relevant times, Defendants [or Chase] willfully, regularly and repeatedly failed to pay . . . [plaintiffs and class members] at the required overtime rate of one-and-one-half times their regular rate of pay for hours worked in excess of forth (40) hours per workweek." (*Gunn* Compl. ¶ 32; *Hightower* Consolidated Compl. ¶ 163.)

In short, just like the plaintiffs in *Hightower* who allege all Personal Bankers were denied overtime compensation, Ms. Gunn alleges that she and all other current or former Illinois Personal Bankers were denied overtime compensation. Plaintiff Gunn seeks relief on behalf of herself and an Illinois class under the IMWL. (*See* Dkt. No. 1 ("*Gunn* Compl.") ¶¶ 11, 30-33.)[10]

### III.   ARGUMENTS

#### A.   This Court Should Transfer The *Gunn* Action Because It Substantially Overlaps With The Putative Collective And Class Actions Already Proceeding In The Central District Of California.

Under the "first-to-file" rule, a district court has discretion "to dismiss, transfer, or stay" a later-filed action "when two similar actions are filed before two different federal judges." *See Askin v. Quaker Oats Co.*, No. 11 CV 111, 2012 WL 517491, at *3 (N.D. Ill. Feb. 15, 2012) (staying the case pending the outcome of the pending motion to dismiss in the district court of California); *Jaramillo v. Dineequity, Inc.*, 664 F. Supp. 2d 908, 917 (N.D. Ill 2009) (citing *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993); *Pfizer v. Apotex*, 640 F. Supp. 2d 1006, 1007-08 (N.D. Ill. 2009)). There is no dispute that *Hightower* was filed first.

#### 1.   The Parties in this Case are Substantially Similar to the Parties in the *Hightower* Matter.

The parties in this action and *Hightower* "substantially overlap" for purposes of the first-to-file rule. *Askin*, 2012 WL 517491, at *3. "[C]ourts routinely look to the similarities of the proposed classes even where the court has not yet ruled on the certification question." *Id.* Here,

---

[10]   Plaintiff Gunn has since withdrawn her consent to proceed as a plaintiff in the *Hightower* action. (*Hightower* Dkt. No. 56.)

- members "to work off-the-clock." (*Gunn* Compl. ¶ 31; *Hightower* Consolidated Compl. ¶ 162.)

- "At all relevant times, Defendants [or Chase] willfully, regularly and repeatedly failed to pay . . . [plaintiffs and class members] at the required overtime rate of one-and-one-half times their regular rate of pay for hours worked in excess of forth (40) hours per workweek." (*Gunn* Compl. ¶ 32; *Hightower* Consolidated Compl. ¶ 163.)

In short, just like the plaintiffs in *Hightower* who allege all Personal Bankers were denied overtime compensation, Ms. Gunn alleges that she and all other current or former Illinois Personal Bankers were denied overtime compensation. Plaintiff Gunn seeks relief on behalf of herself and an Illinois class under the IMWL. (*See* Dkt. No. 1 ("*Gunn* Compl.") ¶¶ 11, 30-33.)[10]

### III.   ARGUMENTS

#### A.   This Court Should Transfer The *Gunn* Action Because It Substantially Overlaps With The Putative Collective And Class Actions Already Proceeding In The Central District Of California.

Under the "first-to-file" rule, a district court has discretion "to dismiss, transfer, or stay" a later-filed action "when two similar actions are filed before two different federal judges." *See Askin v. Quaker Oats Co.*, No. 11 CV 111, 2012 WL 517491, at *3 (N.D. Ill. Feb. 15, 2012) (staying the case pending the outcome of the pending motion to dismiss in the district court of California); *Jaramillo v. Dineequity, Inc.*, 664 F. Supp. 2d 908, 917 (N.D. Ill 2009) (citing *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993); *Pfizer v. Apotex*, 640 F. Supp. 2d 1006, 1007-08 (N.D. Ill. 2009)). There is no dispute that *Hightower* was filed first.

#### 1.   The Parties in this Case are Substantially Similar to the Parties in the *Hightower* Matter.

The parties in this action and *Hightower* "substantially overlap" for purposes of the first-to-file rule. *Askin*, 2012 WL 517491, at *3. "[C]ourts routinely look to the similarities of the proposed classes even where the court has not yet ruled on the certification question." *Id.* Here,

---

[10]   Plaintiff Gunn has since withdrawn her consent to proceed as a plaintiff in the *Hightower* action. (*Hightower* Dkt. No. 56.)

the putative collective action in *Hightower* seeks overtime on behalf of all Personal Bankers nationwide, including all Personal Bankers in Illinois, thereby completely subsuming the putative class in this case. *See Moore v. Morgan Stanley & Co., Inc.*, No. 07 C 5606, 2007 WL 4354987, at *2 (N.D. Ill. Dec. 6, 2007) (citations omitted) (finding cases duplicative where proposed class in first-filed case included most but not all of the plaintiffs in the later-filed action); *see also Walker v. Progressive Casualty Ins., Co.*, No. C03-656R, 2003 U.S. Dist. LEXIS 7871, at *4 (W.D. Wa. May 9, 2003) (finding substantial similarity given the overlap between the Washington state law class and the pending FLSA action).

That the two actions assert claims on behalf of overlapping but not identical classes does not defeat the first-to-file rule. *See Fryda v. Takeda Pharm. N. Am., Inc.*, No. 11-CV-00339, 2011 U.S. Dist. LEXIS 42221, at *15-16 (N.D. Ohio. Apr. 14, 2011) (transferring second-filed state law putative class action to first-filed FLSA putative collective action); *Fossum v. N.W. Mut. Life Ins. Co.*, No. C 10-2657 SI, 2010 U.S. Dist. LEXIS 99904, at *5-6 (N.D. Cal. Sept. 16, 2010) (transferring the second-filed overtime action even though the two cases asserted different state and federal overtime claims and used different class periods to define the class and collective actions); *Walker*, 2003 U.S. Dist. LEXIS 7871, at *10 (applying the first-filed rule and transferring second-filed action asserting state law overtime claims to first-filed action alleging FLSA claims); *Mazzantini v. Rite Aid Corp.*, No. 11-cv-30172-MAP, 2011 WL 6293187 (D. Mass. Dec. 15, 2011) (applying the first-filed rule and transferring second-filed action asserting state law claims to first-filed action alleging FLSA claims and finding "significant[]" that "two other district courts have already transferred cases involving opt-in plaintiffs . . . who have filed independent state law claims in different districts" to the first-filed action).

When faced with a similar issue in *Khutoretsky*, Judge Batts of the Southern District of New York transferred the case to Judge Gutierrez in the Central District of California. *Khutoretsky v. J.P. Morgan Chase & Co.*, No. 11-CV-4986 (DAB) (S.D.N.Y.) (Exhibit 4 at 4) ("There is no question that Plaintiffs' proposed New York-specific FLSA class/collective is a subset of the nationwide FLSA class/collective alleged in Hightower.").

### 2. Both this Case and the *Hightower* Case Challenge Alleged Unpaid Overtime Compensation for the Same Hours Worked.

It is well established by courts in the Northern District of Illinois that whether cases are substantially similar for purposes of applying the first-to-file rule "is a question of substance rather than form." *Askin*, 2012 WL 517491, at *4 (citing *Jaramillo*, 664 F. Supp. 2d at 916 (citation omitted)). The fact that *Gunn* has alleged violations of the IMWL, not the FLSA, does not prevent the case from being transferred and consolidated with the *Hightower* action. "As long as the underlying facts are the same, as is the case here, the fact that the two complaints allege violations of different state laws is not enough to render them substantially dissimilar for purposes of the first to file analysis." *Id.* (citation omitted).

It is undisputed that the allegations in this case and in *Hightower* are substantially similar, as the underlying alleged facts in both cases are the same.[11] Ms. Gunn seeks, for herself and a putative class of Chase Personal Bankers in Illinois, (1) the same overtime compensation (2) for the same hours worked (3) over the same period of time in this case that the first-filing plaintiffs seek for the same group of Chase Personal Bankers in Illinois (and nationwide) under the FLSA

---

[11] *See also, e.g., Jaramillo*, 664 F. Supp. 2d at 917 (citing *Serlin*, 3 F.3d at 224); *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 690 (E.D. Tenn. 2005) ("[T]he issues in the two actions need not be identical; they need only substantively overlap."); *Pierce Mfg. Inc. v. First In Inc.*, No. 10-C-393, 2010 WL 2854258, at *3 (E.D. Wis. July 19, 2010) ("For purposes of the first-to-file rule, the actions being assessed need not be identical if there is substantial overlap with respect to the issues and parties."); *see also Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994) ("two actions involving overlapping issues" requires application of the first-to-file rule).

in *Hightower*. The fact that Plaintiff Gunn's claim in this case is filed under the IMWL on behalf of an Illinois class in no way diminishes its similarity to *Hightower*. The IMWL parallels the FLSA, and Illinois courts apply the same analysis to claims under the IMWL and the FLSA. *Bjornson v. Daido Metal U.S.A., Inc.*, 12 F. Supp. 2d 837, 843 (N.D. Ill. 1998). In *Walker v. Progressive Casualty Ins., Co.*, No. C03-656R, 2003 U.S. Dist. LEXIS 7871, at *2 (W.D. Wa. May 9, 2003), the court rejected the plaintiff's argument that the FLSA and Washington wage and hour statute were materially different. "Whatever the minor differences between those two statutes, these differences do not warrant maintaining this action." *Id*. at *8.

Indeed, the FLSA and Illinois law provide the same three-year maximum period of recovery. (*Compare* 29 U.S.C. § 255 and 820 ILCS 10/12.) Both *Gunn* and *Hightower* seek to recover the same types of relief on behalf of collective or class action members, including unpaid compensation, penalties, pre- and post-judgment interest and an award of attorneys' fees and costs, for this maximum time period. (*Compare Gunn* Compl. ¶ 33 and Wherefore ¶, *with Hightower* Compl. Prayer for Relief.)[12]

Thus, the parties and allegations in this case are substantially similar to those in *Hightower* and this case should be transferred to the Central District of California, and consolidated with the six other cases that have already been transferred and consolidated in the *Hightower* action.

---

[12] Defendants deny that it would be appropriate to certify a class or collective action in either case. Nonetheless, only one court should have to decide whether these overlapping allegations can proceed on a class or collective basis and, if they are permitted to so proceed, the overtime claims of the overlapping class members. *See Askin*, 2012 WL 517491, at *3. "[C]ourts routinely look to the similarities of the proposed classes even where the court has not yet ruled on the certification question."

### B. Applying The "First-to-File" Rule To Transfer And Eventually Consolidating This Case With *Hightower* Will Promote Judicial Economy.

Trial efficiency and the interests of justice weigh in favor of transfer. The Seventh Circuit has said that the first-filed case may proceed where allowing it to continue furthers the "interests of justice." *See Askin*, 2012 WL 517491, at *5 (citing *Research Automation, Inc. v. Schrader-Bridgeport Int'l., Inc.*, 626 F.3d 973, 978 (7th Cir. 2010)). Because the "interests of justice" relate to the "efficient administration of the federal courts," there is no doubt that the California case should have priority. *Id*.

Here, efficient administration requires a transfer so that the *Gunn* action can join the *Hightower* consolidated action.[13] Both cases involve overtime claims against JPMC and Chase, both cases assert claims that Chase's Personal Bankers were denied overtime compensation for the same hours worked, both cases assert class action claims on behalf of overlapping groups of individuals, and, in fact, the putative class in this case is entirely subsumed in the putative nationwide collective action in the *Hightower* case. Thus, it would be a waste of judicial and the parties' resources to maintain these two cases in separate district courts when the cases involve overlapping parties, putative classes, and allegations. *See Dole v. Diversified Collections Services, Inc.*, No. 88 C 1693, 1990 U.S. Dist. LEXIS 14115, at *25 (N.D. Ill. Oct. 23, 1990) (transferring FLSA case to Northern District of California where the Secretary of Labor had filed an FLSA case against the same defendant also challenging exempt status classification, to avoid duplicative litigation, and noting the interest of justice analysis may be determinative even if other § 1404(a) factors support denying a transfer request); *see also Connors v. Lexington Ins.*

---

[13] In addition, Federal Rule of Civil Procedure 42(a) gives district courts broad discretion to consolidate related cases to promote judicial efficiency, eliminate redundancy, and to conserve the parties' and the courts' resources. *See BD v. DeBuono*, 193 F.R.D. 117, 141 (S.D.N.Y. 2000) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990)).

*Co.*, 666 F. Supp. at 434, 455 (E.D.N.Y. 1987) (transferring class action from Eastern District of New York to Southern District of Florida where both cases involved the same purported class, same defendants, and virtually identical issues, and noting that a crucial factor supporting case transfer was that denial would result in a waste of judicial resources).

Moreover, allowing both courts to adjudicate the same claim for overtime presents the potential for inconsistent results. For instance, this Court, applying the standards of the FLSA as will be required, could find that Plaintiff Gunn or another Personal Banker in Illinois is not entitled to additional overtime, while the *Hightower* court could find otherwise (or vice versa).

Finally, this early stage of litigation is the ideal point to consolidate the cases.

### C. Defendants Request That This Court Enter An Order Staying Any Further Proceedings In This Matter Pending Resolution Of The Present Motion.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). An issuance of a stay pending resolution of this preliminary issue will not unduly prejudice either party. Further, it makes sense because if this matter is transferred, the Illinois claim can be consolidated with the *Hightower* complaint. Therefore, in the interest of efficiency and the preservation of resources, Defendants respectfully request this Court stay this *Gunn* action until it determines the threshold issue pending in the instant Motion. *See*, *e.g.*, *Espey & Assocs., Inc. v. Principal Mfg. Corp.*, No. 1:08-cv-2117, 2009 WL 112781, at *5 (N.D. Ohio Jan. 15, 2009) (issuing a stay when it deferred resolution of the first-to-file issue to the first-filed court because "a stay pending resolution of this preliminary issue does not typically work prejudice sufficient to override" the interests weighing in favor of deferring resolution to the first-filed court); *Glazer v. Whirlpool Corp.*, No. 1:08-cv-1624, 2008 WL 4534133, at *2 (N.D. Ohio Oct. 6, 2008)

(entering an order staying proceedings pending resolution of motion to transfer before MDL panel).

## IV. CONCLUSION

Under the first-to-file rule, this case should be transferred to the Central District of California where the overtime claims of Chase Personal Bankers are already proceeding in the consolidated *Hightower* action. The parties, putative classes, and allegations in this case overlap substantially (and are subsumed by) those in *Hightower*, such that judicial efficiency strongly favors transfer and consolidation with *Hightower*, as has been done in six other cases. Further, this Court should stay this action pending resolution of the instant Motion.

For the foregoing reasons, Defendants respectfully request this Court transfer this matter to the Central District of California and stay the proceedings until that time.

Date:   March 28, 2012

Respectfully submitted,

JPMORGAN CHASE & CO. and JPMORGAN CHASE BANK, N.A.

/s/ Kirsten A. Milton

Sari M. Alamuddin (ARDC # 06215689)
Kirsten A. Milton (ARDC # 06286124)
Attorneys for Defendants
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Fifth Floor
Chicago, Illinois  60601
Telephone: (312) 324-1000
Fax:  (312) 324-1001
E-mail:  salamuddin@morganlewis.com
            kmilton@morganlewis.com

**CERTIFICATE OF SERVICE**

I, Kirsten A. Milton, an attorney, hereby certify that, on March 28, 2012, I electronically filed the foregoing **Defendants' Motion to Transfer Venue to California and to Stay the Proceedings Pending Resolution of this Motion** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>David Harrison at nycotlaw@gmail.com
>Denise Andrea Schulman at denise@jhllp.com
>Nicholas P. Iavarone at niavarone@iavaronefirm.com

and via U.S. mail on the following:

>Daniel Maimon Kirschenbaum
>Joseph & Herzfeld LLP
>233 Broadway, 5th Floor
>New York, NY 10279

>/s/ Kirsten A. Milton
>One of Defendants' Attorneys